IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROSE, et al., ) | |
| ) | 2:05-cv-2229-GEB-DAD |
| Plaintiffs, ) | |
| ) | |
| v. ) | <u>STATUS (PRETRIAL</u> |
| ) | <u>SCHEDULING) ORDER</u> |
| CITY OF LODI, CALIFORNIA; ) | |
| MATTHEW FOSTER; ERNEST NIES, JR.; ) | |
| and DOES 1 through 25, ) | |
| ) | |
| Defendants. ) | |

     The status (pretrial scheduling) conference scheduled in this case for March 20, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

<u>DOE DEFENDANTS</u>

     The JSR indicates that the identities of any "Doe" defendants are expected to be discovered "within 60-days after the exchange of Initial Disclosures." (JSR at 2.) Since the parties "have agreed to exchange Initial Disclosures within 21-calendar days of the issuance of the Pretrial Scheduling Order[,]" (JSR at 4), Plaintiff has until May 31, 2006, to file a motion in which leave is

1

1  sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which
2  could add a party to this action.  The motion must be noticed for
3  hearing on the Court's earliest available law and motion date.  If
4  leave is not sought as stated, this will automatically effectuate
5  dismissal of  Does 1 through 25 from this action.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

8       If Plaintiff substitutes a named defendant in place of a Doe
9  defendant, a copy of this Order shall be served on that defendant
10 concurrently with the service of process.
11      That defendant has 30 days after said service within which
12 to file a "Notice of Proposed Modification of Status Order," which
13 request is not required to meet the good cause standard, provided it
14 is made within this 30-day period.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

16      No further service or joinder of parties is permitted,
17 except with leave of Court, good cause having been shown.
18      Pursuant to their request in the JSR, Plaintiffs have 30
19 days from the date this Order is filed to file a motion in which leave
20 is sought to file an amended complaint that will not contain their
21 claim for a violation of Article I, Section 7, of the California
22 Constitution.
23      No further amendments to pleadings is permitted, except with
24 leave of Court, good cause having been shown.

### DISCOVERY

26      All discovery shall be completed by July 10, 2007.  In this
27 context, "completed" means that all discovery shall have been
28 conducted so that all depositions have been taken and any disputes

relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before February 7, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before March 7, 2007.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be September 10, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1         Absent highly unusual circumstances, reconsideration of a
2    motion is appropriate only where:
3         (1)  The Court is presented with newly discovered evidence
4    that could not reasonably have been discovered prior to the filing of
5    the party's motion or opposition papers;
6         (2)  The Court committed clear error or the initial decision
7    was manifestly unjust; or
8         (3)  There is an intervening change in controlling law.
9    A motion for reconsideration based on newly discovered evidence shall
10   set forth, in detail, the reason why said evidence could not
11   reasonably have been discovered prior to the filing of the party's
12   motion or opposition papers.  Motions for reconsideration shall comply
13   with Local Rule 78-230(k) in all other respects.
14        The parties are cautioned that an untimely motion
15   characterized as a motion in limine may be summarily denied.  A motion
16   in limine addresses the admissibility of evidence.

                       FINAL PRETRIAL CONFERENCE

18        The final pretrial conference is set for November 12, 2007,
19   at 1:30 p.m.  The parties are cautioned that the lead attorney who
20   WILL TRY THE CASE for each party shall attend the final pretrial
21   conference.  In addition, all persons representing themselves and
22   appearing in propria persona must attend the pretrial conference.
23        The parties are warned that non-trialworthy issues could be
24   eliminated *sua sponte* "[i]f the pretrial conference discloses that no
25   material facts are in dispute and that the undisputed facts entitle
26   one of the parties to judgment as a matter of law."  Portsmouth Square
27   v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
28

                                    4

1      The parties shall file a <u>JOINT</u> pretrial statement with the
2 Court not later than seven (7) days prior to the final pretrial
3 conference.[3]  The joint pretrial statement shall specify the issues
4 for trial.  The Court uses the parties' joint pretrial statement to
5 prepare its final pretrial order and could issue the final pretrial
6 order without holding the scheduled final pretrial conference.  <u>See</u>
7 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
8 requirement that the court hold a pretrial conference.").  The final
9 pretrial order supersedes the pleadings and controls the facts and
10 issues which may be presented at trial.  Issues asserted in pleadings
11 which are not preserved for trial in the final pretrial order cannot
12 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
13 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
14 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
15 <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
16 issue omitted from the pretrial order is waived, even if it appeared
17 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
18 (D.D.C. 1995) (refusing to modify the pretrial order to allow
19 assertion of a previously-pled statute of limitations defense);
20 <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
21 (indicating that "[a]ny factual contention, legal contention, any
22 claim for relief or defense in whole or in part, or affirmative matter
23 not set forth in [the pretrial statement] shall be deemed . . .

---

[3]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

1 withdrawn, notwithstanding the contentions of any pleadings or other
2 papers previously filed [in the action]").
3     <u>If possible, at the time of filing the joint pretrial
4 statement counsel shall also email it in a format compatible with
5 WordPerfect to: geborders@caed.uscourts.gov</u>.
6                     <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>
7     This case is referred to the Voluntary Dispute Resolution
8 Program.
9                              <u>TRIAL SETTING</u>
10    Trial is set for February 12, 2008, commencing at 9:00 a.m.
11                             <u>MISCELLANEOUS</u>
12    The parties are reminded that pursuant to Federal Rule of
13 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
14 not be modified except by leave of Court upon a showing of good cause.
15 Counsel are cautioned that a mere stipulation by itself to change
16 dates does not constitute good cause**.
17    IT IS SO ORDERED.
18 Dated:  March 10, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

6